IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| MIDWAY TOWNHOMES, LTD. AND<br>MIDWAY TOWNHOMES GP LLC,<br><br>    Plaintiff,<br><br>v.<br><br>PELEUS INSURANCE COMPANY,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 6:17-cv-00279 |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Peleus Insurance Company files this Notice of Removal under 28 U.S.C. Section 1446(a) and respectfully states.

## I.
## INTRODUCTION

1.  Plaintiffs Midway Townhomes, Ltd. and Midway Townhomes G.P., LLC (collectively, "Plaintiffs") commenced this lawsuit on August 30, 2017 by filing Plaintiffs' Original Petition in the 414th Judicial District Court of McLennan County, Texas – Cause No. 2017-2861-5.

2.  Plaintiffs' Original Petition, which includes a jury demand, names Peleus Insurance Company ("Peleus") as the only defendant in this suit.

3.  Plaintiffs purport to have served Peleus with process in this action by delivering a copy of Plaintiffs' Original Petition to the Texas Secretary of State via certified mail on September 8, 2017. Accordingly, subject to and without waiving any objection(s) or challenge(s) to the sufficiency of service, Peleus files this Notice of Removal within the 30-day time period required by 28 U.S.C. Section 1446(b).

4. Venue is proper in this district under 28 U.S.C. Section 1441(a) because the state court where the action is pending is located in this district.

## II.
## BASIS FOR REMOVAL

5. Removal is proper under 28 U.S.C. Section 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000 exclusive of interest, costs, and attorneys' fees. These two conditions are clearly satisfied in this matter.

**A.** **Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiffs and Peleus.**

6. Plaintiff Midway Townhomes, G.P., LLC, is a Texas limited liability company doing business in Dallas County, Texas. Plaintiff Midway Townhomes, G.P., LLC's only reported member/manager is Michael M. Vick, who is domiciled in Texas. Accordingly, as set forth in Plaintiffs' Original Petition, "Texas is the home state of Plaintiff, Midway Townhomes G.P., LLC,"[1] and Plaintiff Midway Townhomes G.P., LLC is a citizen of Texas for purposes of this Court's diversity jurisdiction

7. Plaintiff Midway Townhomes, Ltd. is a Texas limited partnership doing business in Dallas County, Texas. Plaintiff Midway Townhomes, Ltd.'s general partner is Midway Townhomes G.P., LLC (a Texas citizen) and, as set forth in Plaintiffs' Original Petition, "Texas is the home state of Plaintiff, Midway Townhomes, Ltd."[2] Accordingly, Plaintiff Midway Townhomes, Ltd. is a citizen of Texas for purposes of this Court's diversity jurisdiction.

---

[1] Plaintiffs' Original Petition at ¶3.

[2] Plaintiffs' Original Petition at ¶4. Based on publicly-available records regarding Midway Townhomes, Ltd.'s organization and structure, Peleus is informed that no partner of Midway Townhomes, Ltd. is a citizen of Virginia (*i.e.*, Peleus' state of citizenship for diversity jurisdiction purposes).

8. Defendant Peleus is an insurance company incorporated in the State of Virginia with its principal place of business in Virginia. Peleus is thus a citizen of Virginia for diversity jurisdiction purposes.

9. Because Plaintiffs are citizens of Texas and Peleus is a citizen of Virginia, there is complete diversity between the parties for purposes of this Court's diversity jurisdiction.

**B.   Removal is Proper Because Plaintiffs' Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

10. If it is facially apparent that Plaintiffs' claims in this suit exceed $75,000, exclusive of interest, costs, and attorneys' fees, Peleus' burden to establish the amount in controversy exceeds this Court's jurisdictional threshold is satisfied.[3] .

11. Here, Plaintiffs' Original Petition states that Plaintiffs seek to recover damages in excess of $1,000,000 in this lawsuit.[4] It is thus facially apparent that Plaintiffs' claims exceed this Court's jurisdictional threshold of $75,000.

12. Because there is complete diversity between the parties and the amount in controversy exceeds $75,000 excluding interest, costs, and attorneys' fees, removal is proper under 28 U.S.C. Section 1332(a).

### III.
### CONCLUSION

13. As required by 28 U.S.C. Section 1446(a) and Local Rule 9027, a copy of each of the following are attached to (or filed with) this Notice of Removal:

　　　a.   the docket sheet in the state court action; and

---

[3]   *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[4]   *See* Plaintiffs' Original Petition at ¶2.

  b.  each pleading, writ, or order filed, issued, or entered in the state court action (as separate attachments arranged in chronological order according to state court filing date).

14. Peleus will promptly file a copy of this Notice of Removal with the clerk of the state court where the action is pending.

WHEREFORE, Defendant Peleus Insurance Company requests that this action be removed from the 414th Judicial District Court of McLennan County, Texas, to the United States District Court for the Western District of Texas, Waco Division, and that this Court enter such further orders as may be necessary and appropriate.

        Respectfully submitted,

        **ZELLE LLP**

        By: */s/ James W. Holbrook, III*
         Steven J. Badger
         Texas Bar No. 01499050
         sbadger@zelle.com
         James W. Holbrook, III
         Texas Bar No. 24032426
         jholbrook@zelle.com
         William W. Cardwell, IV
         Texas Bar No. 24094419
         wcardwell@zelle.com

        901 Main Street, Suite 4000
        Dallas, TX  75202-3975
        Telephone: 214-742-3000
        Facsimile: 214-760-8994

        **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

  I hereby certify that, on October 10, 2017, a true and correct copy of Defendant's Notice of Removal was served upon all known counsel of record pursuant to the Federal Rules of Civil Procedure as follows:

  Michael W. Huddleston
  mhuddleston@munsch.com
  D. Ronald Reneker
  rreneker@munsch.com
  MUNSCH HARDT KOPF & HARR, P.C.
  500 North Akard Street Suite 3800
  Dallas, Texas 75201
  Telephone: 214-855-7500
  Facsimile: 214-855-7584

               */s/ James W. Holbrook, III*
              James W. Holbrook, III