# Exhibit B

FILED
MCLENNAN COUNTY
8/30/2017 4:16 PM
JON R. GIMBLE
DISTRICT CLERK
Tiffany Crim

CAUSE NO: <u>2017-2861-5</u>

| | |
|---|---|
| MIDWAY TOWNHOMES, LTD. AND<br>MIDWAY TOWNHOMES GP LLC | §    IN THE DISTRICT COURT |
| | § |
| | § |
|     PLAINTIFFS | § |
| | § |
| V. | §    McLENNAN COUNTY, TEXAS |
| | § |
| PELEUS INSURANCE COMPANY | § |
| | § |
|     DEFENDANT. | §    414TH JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Midway Townhomes G. P., LLC and Midway Townhomes, Ltd. (collectively "Midway"), Plaintiffs, complain of Peleus Insurance Company ("Peleus"), Defendant, as follows:

### I.   DISCOVERY CONTROL PLAN

1.    Midway intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4. Texas Rule of Civil Procedure 169 does not apply because Midway seeks monetary relief exceeding $100,000.

### II.   RULE 47 STATEMENT

2.    Midway seeks monetary relief in the form of actual and punitive damages, attorney's fees, interest and statutory penalties in excess of $1,000,000.

### III.   PARTIES, JURISDICTION & VENUE

3.     Plaintiff, Midway Townhomes, G.P., LLC, is a Texas limited liability company doing business in Dallas County, Texas. Midway Townhomes, G.P., LLC, is the general partner of Plaintiff, Midway Townhomes, Ltd. Texas is the home state of Plaintiff, Midway Townhomes, G.P., LLC.

4.     Plaintiff, Midway Townhomes, Ltd., is a Texas limited partnership doing business in Dallas County, Texas. Texas is the home state of Plaintiff, Midway Townhomes, Ltd. Midway Townhomes, Ltd. owns the real estate and improvements situated at 509 N. Hewitt Rd, Hewitt, McLennan County, Texas 76673, and known as Meadowpark Townhomes ("Meadowpark").

5.     Defendant, Peleus Insurance Company ("Peleus"), is a surplus lines insurer incorporated under the laws of the State of Virginia. As more fully described below, it has engaged in Texas in the business of insurance as a surplus lines insurer. This suit arises out of such acts. Pursuant to Texas Insurance Code §804.106, Peleus has irrevocably appointed the Secretary of State of the State of Texas as its agent for service of process in this action. Accordingly, Peleus Insurance Company may be served in this cause by delivering citation to the Texas Secretary of State at 1019 Brazos Street, Austin, Texas, 78701. The citation should be delivered by the Texas Secretary of State to Peleus Insurance Company by mailing the same to:

> General Counsel
> Colony Insurance Company, Colony Specialty Insurance Company,  or
> Peleus Insurance Company,
> P.O. Box 469011
> San Antonio, Texas 78246

6.      Jurisdiction is proper in the District Court of McLennan County, Texas because the amount in controversy is within the jurisdictional limits of this court.

7.      Venue is proper in McLennan County pursuant to Texas Insurance Code § 101.053 because the insured property is situated in McLennan County. Venue is also proper in McLennan County pursuant to Texas Civil Practice and Remedies Code § 15.002 because the cause of action arises in whole or in part out of events that occurred in McLennan County.

## IV.   FACTS

8.      Midway was a named insured on a commercial property policy issued by Peleus Insurance Company ("Peleus"), numbered P723-1426870316-01, with a policy period running from March 31, 2016 to March 31, 2017. Midway is the owner of Meadowpark Townhomes ("Meadowpark"), located at 509 North Hewitt Dr., which is an insured property on this policy. This property was managed by Stonewall Property Group.

9.      Meadowpark is an apartment complex that includes 17, two-story multi-family apartment buildings, a one-story office/clubhouse/laundry and a one-story maintenance building.

10.     Notice was given by the insured to Peleus of damage to roof coverings and the exterior of the buildings at Meadowpark that occurred in or around April 2016. Peleus' claim number is 11193 for this loss and Peleus has assigned an April 12, 2016, date of loss ("the 2016 Claim").

11.     Notice was also given by Midway to Peleus of wind damage to roofing as a result of events on or about January 1, 2017. Peleus assigned claim number 17050137 to this loss and used January 1, 2017, as the reported date of loss ("the January 2017 Claim").

12.     Peleus apparently adjusted both claims through its agent and/or employees Strata Claims Management ("Strata Claims") and Engle Martin & Associates ("Engle Martin"), both of which acted as the employee/s and agent/s and vice-principal/s of Peleus and were subject to its control. Peleus utilized Strata Claims Management as the "third party claims administrator" and Engle Martin to assist with the investigation and adjustment of the claim. The assigned Strata adjuster was Laureen Lehman. The adjuster assigned by Engle Martin was Eric Anderson.

13.     In connection with claim number 11193, Engle Martin apparently hired an engineer, Jason C. Dill, P.E., S.E., with Pro Net Group, Inc. to provide an evaluation of the cause and origin of the 2016 damage to the insured property. Inspections were conducted by Dill and others on September 20-21, 2016.  Peleus did not provide a copy of the Dill/Pro Net report to Midway contemporaneously with the report's preparation and completion (September 29, 2016.) To date, Midway has not been provided either payment for this loss or an explanation of the basis in the policy and in the facts for any delay or denial.

14.     Another Engle Martin adjuster assigned to assist Peleus was Eric Todd. He looked at only 4 of the 17 plus buildings insured under the policy issued by Peleus. Peleus, by and through Strata Claims Management (Laureen Lehman), sent a reservation of rights letter to the insured on May 31, 2017. Prior to any expert inspection of the building, Peleus reserved its rights regarding multiple policy defenses, including pre-existing condition, wear and tear, rust/corrosion, settling, nesting and infestation, mechanical breakdown, dampness, temperature, texture and finish, contamination, and faulty,

inadequate or defective planning etc., design, defective materials and/or defective maintenance.

15.     Eventually, Douglas N. Stephens, P.E., with Stephens Engineering Consultations, Inc. was hired on June 6, 2017, by Laureen Lehman, a Claims Manager at Strata Claims Management, acting on behalf of Peleus. The Stephens report purported to determine the origin and cause of damage to the Meadowpark structures and whether the damage was the result of wind or hail. A copy of the September 29, 2016, Pro Net report on the other claims was provided to Stephens.

16.     A copy of the Stephens report, dated June 20, 2017, was provided to Midway on June 21, 2017. Peleus, by and through its agent/employee Strata Claims and Laureen Lehman, asserted that it would only consider the cost to repair 76 shingles found damaged. The report of Stephens tracked the reservation of rights letters in terms of observations regarding the property.

17.     Peleus promised to provide an estimate of the repair cost for the 76 shingles identified.

18.     Also on June 21, 2017, Midway expressed its disagreement with the expert findings provided by Peleus by email from its public adjuster, Sharon Black. Black pointed out that the roof was a double layer roof and as a result could not be repaired. The insured encouraged Peleus to reconsider the facts of the claims. Peleus has not responded to this request and has not disputed the statement and facts presented by public adjuster Black.

19.     Forty days after promising an estimate, Peleus finally provided one by Engle Martin, the company hired by Peleus to assist with adjusting the claim. Peleus reported

that the amount of the estimate and mitigation costs did not exceed the $25,000 deductible, and thus Peleus wrongfully denied that it owed anything under the policy terms. Strangely, Peleus then requested the insured nevertheless, provide a proof of loss if it disagreed. After having wrongfully denied the claim, Peleus waived the right to insist on a proof of loss. In any event, the acts or omissions of Peleus and/or its agents, employees and representatives, including but not limited to Strata Claims and Engle Martin, caused the insured to lose policy benefits due and owing under the terms of the insurance contract.

## V.   BREACH OF CONTRACT

20.    Midway incorporates by reference the allegations of the preceding paragraphs.

21.    Midway is entitled to benefits under the policy terms for physical injury to tangible property due to weather related losses occurring in April 2016 and January 2017.

22.    Midway has complied with, has agreed to and/or has satisfied all conditions, precedent or otherwise, and warranties, if any, in connection with the Policy.

23.    Midway is entitled under the Peleus Policy to payment in full for its losses.

24.    Peleus failed to properly and fully investigate, failed to consider the interests of Midway, and wrongfully and pre-textually refused to pay the claim/s in question, which constitute a material breaches of the insurance contract.

25.    Peleus has therefore breached the obligations it has undertaken under the Policy, which has caused actual and consequential damages to Midway.

## VI.   BREACH OF THE DUTY OF GOOD FAITH

26.    Midway incorporates by reference the allegations of the preceding paragraphs.

27.    Peleus owes a non-delegable duty of good faith and fair dealing to Midway.

28.    The duty of good faith owed by Peleus obligated it to reasonably investigate, fairly consider the information regarding the claims in question including the fact the roof had multiple layers, and to pay Midway for its losses insured under the Peleus Policy when liability was reasonably clear.

29.    Peleus performed a pre-textual and inadequate investigation of the claim, and failed to settle when liability was reasonably clear, causing Midway to suffer actual damages.

30.    Peleus' acts and omissions constituting a breach of the duty of good faith and fair dealing were and continue to be committed with actual awareness that they are wrongful and that they are inflicting harm on Midway. Peleus' violation of the duty of good faith and fair dealing is grossly negligent, malicious, and/or fraudulent, justifying the award of punitive or exemplary damages.

## VII.   PELEUS' UNFAIR CLAIMS SETTLEMENT PRACTICES & UNFAIR AND DECEPTIVE ACTS AND PRACTICES

31.    Midway incorporates by reference the allegations of the preceding paragraphs.

32.    Peleus has violated the Texas Insurance Code, section 541.060, and committed unfair settlement practices including but not limited to the following particulars:

     a.    Failing "to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear …." TEX. INS. CODE section 541.060 (a)(2)(A).

    b.      Failing to promptly provide to a "policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim." TEX. INS. CODE, sec. 541.060(A)(3).

    c.      Failing within a reasonable time to "affirm or deny coverage of a claim to a policyholder. TEX. INS. CODE, sec. 541.060(A)(4)(A).

    d.      Failing within a reasonable time to submit a reservation of rights to the policyholder. TEX. INS. CODE, sec. 541.060(A)(4)(B).

    e.      "[R]efusing to pay a claim without conducting a reasonable investigation with respect to the claim." TEX. INS. CODE, sec. 541.060(A)(7).

33.    In violation of Texas Business & Commerce Code §17.46 (b) (24), Pelcus has failed to disclose information concerning its services that were known at the time of the transaction. Such failure was intended to induce Midway into a transaction that they would not have entered if that information had been disclosed.

34.    Midway is entitled to bring an action for its damages for these statutory violations and misrepresentations pursuant to Texas Insurance Code § 541.151.

35.    Each of the statutory violations and misrepresentations alleged in this petition has been a producing and/or proximate cause of actual damages to Midway.

36.    Pursuant to Texas Insurance Code § 541.152 (a) (1), Midway is entitled to recover from Pelcus its actual damages, court costs and reasonable and necessary attorney's fees.

37.    Pelcus knowingly committed and continues to knowingly commit the statutory violations alleged herein. Pursuant to Texas Insurance Code § 541.152 (a) (2), Midway seeks up to three times its actual damages as determined by the jury.

## VIII.  DELAY IN PAYMENT OF CLAIMS

38.     Midway incorporates by reference the allegations of the preceding paragraphs.

39.     Peleus has received all information reasonably requested and required, but it has nonetheless failed and continues to fail to pay the valid claim of Midway under the Policy.

40.     Peleus has delayed and continues to delay payment of the claim of Midway in violation of Texas Insurance Code §542.058.

41.     Pursuant to Texas Insurance Code §542.060, Midway is entitled to recover, in addition to the amount of its claim and pre-judgment interest, interest on the amount of its claim at the rate of 18 percent per annum as damages.

## IX.     RELIEF SOUGHT

42.     Midway seeks monetary relief of over $1,000,000.

### A.     Actual, Additional and Exemplary Damages & Statutory Penalties

43.     Midway has sustained actual damages as the result of alleged wrongful acts and breach of contract by Peleus.

44.     In addition to its actual damages, Midway seeks to recover exemplary or punitive damages from Peleus on the bases alleged above.

45.     In addition to its actual damages, Midway seeks to recover additional damages in an amount up to three times its actual damages as determined by the jury on the bases alleged above.

46.     In addition to its actual damages, Midway seeks to recover as damages the penalties provided under Texas Insurance Code §542.060 on the bases alleged above.

**B.      Attorney's Fees**

47.      Midway is entitled to recover its reasonable and necessary attorney's fees based upon Peleus' breach of contract and pursuant to Texas Insurance Code §§ 541.060, 542.060 (a) and to have such fees taxed as costs in this suit pursuant to Texas Insurance Code § 542.060 (b).

48.      Midway is entitled to recover its reasonable and necessary attorney's fees pursuant to Texas Civil Practice & Remedies Code § 38.001 and Texas Insurance Code § 541.152 (a) (1).

**C.      Other Relief Requested**

49.      In addition to actual damages and its attorney's fees, Midway sues for pre-judgment and post-judgment as allowed by law and all taxable court costs together with all other legal and equitable relief to which it is entitled under the law and the evidence.

## X.      JURY TRIAL DEMANDED

50.      Midway demands a jury trial and tenders the appropriate fee with this petition.

Respectfully submitted,

Munsch Hardt Kopf & Harr, P.C.

By: _____
Michael W. Huddleston
State Bar No.: 10148415
D. Ronald Reneker
State Bar No.: 16770000
Ross Tower
500 North Akard Street, Suite 3800
Dallas, Texas 75201
(214) 855-7500 Main Tel.
(214) 855-7572 Direct Tel.
(214) 855-7584 Facsimile
mhuddleston@munsch.com
rreneker@munsch.com

PLAINTIFFS' ORIGINAL PETITION
4818-9024-2126v.2